IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REGENERATIVE SCIENCES, LLC, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 10-cv-1327 (RMC) |

ORDER OF PERMANENT INJUNCTION

The Court having considered Plaintiff's motion for summary judgment and supporting documents and any opposition thereto; having found that the cultured cell product is a drug within the meaning of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 321(g) ("FDCA") and a biological product within the meaning of 42 U.S.C. § 262; having found that Regenerative Sciences, LLC, a corporation, and Christopher J. Centeno, M.D., John R. Schultz, M.D., and Michelle R. Cheever, individuals (collectively, "Defendants") are causing the adulteration and misbranding of the cultured cell product within the meaning of 21 U.S.C. §§ 351(a)(2)(B), 352(f)(1) and 353(b)(4), while it is held for sale after shipment of one or more of its components in interstate commerce; and having found that the Defendants, unless restrained by order of this Court, will continue to violate the FDCA,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff's motion for summary judgment is granted.

2. This Court has jurisdiction over the subject matter and all parties to this action.

3. The Complaint states a cause of action against the Defendants under the FDCA.

4. For purposes of this Order, the term "drug" shall refer to any human cell, tissue, or cellular or tissue-based product ("HCT/P") as defined in 21 C.F.R. § 1271.3(d) that does not meet all of the criteria in 21 C.F.R. § 1271.10 or the criteria for an exception in 21 C.F.R. § 1271.15.

5. Defendants, and all of their directors, officers, agents, employees, successors, representatives, assigns, and attorneys, and any and all persons in active concert or participation with any of them, who have received actual notice of this Order by personal service or otherwise, are hereby permanently enjoined under 21 U.S.C. § 332(a) from directly or indirectly doing or causing to be done any act that:

A. Violates 21 U.S.C. § 331(k) by causing any drug within the meaning of 21 U.S.C. § 321(g) to become adulterated within the meaning of 21 U.S.C. § 351(a)(2)(B) or to become misbranded within the meaning of 21 U.S.C. § 352(f)(1) or § 353(b)(4), while such article is held for sale after shipment of one or more of its components in interstate commerce.

B. Violates 21 U.S.C. § 331 (a) by introducing or causing to be introduced, or delivering or causing to be delivered for introduction, into interstate commerce any drug that is adulterated within the meaning of 21 U.S.C. § 351(a)(2)(B) or misbranded within the meaning of 21 U.S.C. § 352(f)(1) or § 353(b)(4).

6. Defendants and each and all of their directors, officers, agents, employees, representatives, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them, who have received actual notice of this Order by personal service

or otherwise, are permanently restrained and enjoined under 21 U.S.C. § 332(a) from directly or indirectly manufacturing, processing, packing, repacking, labeling, and distributing the cultured cell product or any other drug, unless and until:

A. Defendants' methods, facilities, and controls used to manufacture, process, pack, repack, label, hold, and distribute such products are established, operated, and administered in conformity with current good manufacturing practice, 21 U.S.C. § 351(a)(2)(B) and 21 C.F.R. Parts 210-211, 600-680, and 1271 (hereafter, "CGMP");

B. Defendants retain, at Defendants' expense, an independent person or persons (the "expert"), without personal or financial ties (other than the consulting agreement between the parties) to Defendants or their immediate families, who by reason of background, experience, education, and training, is qualified to inspect Defendants' facilities to determine whether their methods, facilities, and controls are operated and administered in conformity with CGMP and to evaluate the labeling of Defendants' cultured cell product and any other drugs manufactured, processed, packed, labeled, held, and distributed by Defendants to determine whether they are in compliance with 21 U.S.C. §§ 352(f) and 353(b)(4). Defendants shall notify FDA in writing of the identity of the expert within ten (10) days of retaining such expert;

C. The expert shall perform a comprehensive inspection of Defendants' facility at 6850 West 116th Avenue, Unit D, Broomfield, Colorado and any other location at which Defendants manufacture, process, pack, repack, label, hold, or distribute the cultured cell product or any other drug, and the methods and controls used to manufacture, process, package, repackage, label, hold, and distribute such products to determine whether such facilities,

methods, and controls are, at a minimum, in conformity with CGMP, and to determine whether the labeling of Defendants' cultured cell product and any other drugs manufactured, processed, packed, labeled, held, and distributed by Defendants is in compliance with 21 U.S.C. §§ 352(f) and 353(b)(4);

D. The expert certifies to FDA that:

(1) The expert has inspected Defendants' facilities, methods, and controls and product labeling;

(2) All deviations from CGMP brought to Defendants' attention by FDA, the expert, or any other source have been corrected; and

(3) Such facilities, methods, processes, and controls are in compliance with CGMP and the labeling of Defendants' cultured cell product and any other drugs manufactured, processed, packed, labeled, held, and distributed by Defendants is in compliance with 21 U.S.C. §§ 352(f) and 353(b)(4). As part of this certification, the expert shall include a detailed and complete report of the results of the expert's inspections. The expert shall submit his report(s) to FDA at the address(es) specified in paragraph 19.

E. Defendants ensure that the labeling for all of the cultured cell products and any other drugs that they manufacture, process, pack, repack, label, hold, and distribute bear adequate directions for use within the meaning of 21 U.S.C. § 352(f)(1) and all applicable regulations, or are in full compliance with a regulatory exemption to 21 U.S.C. § 352(f)(1) in 21 C.F.R. Part 201 Subpart D;

F. Defendants ensure that, at all times prior to dispensing, the labels for the cultured cell products and any other prescription drugs within the meaning of 21 U.S.C. § 353(b) that they manufacture, process, pack, repack, label, hold, and distribute bear the symbol "Rx only" pursuant to 21 U.S.C. § 353(b)(4)(A);

G. Defendants report to FDA in writing the actions they have taken to:

(1) Correct the CGMP deviations brought to Defendants' attention by FDA, the CGMP expert, and any other source;

(2) Ensure that the methods used in, and the facilities and controls used for, manufacturing, processing, packing, repacking, labeling, holding, and distributing are operated and will be continuously administered in conformity with CGMP; and

(3) Ensure that their cultured cell products and any other drugs that Defendants manufacture, process, pack, repack, or label are not misbranded within the meaning of 21 U.S.C. §§ 352(f)(1) and 353(b)(4);

H. FDA representatives inspect Defendants' facilities to determine whether the requirements of this Order have been met, and whether those facilities are otherwise operated in conformity with CGMP and any drugs that they manufacture, process, pack, repack, or label are labeled in conformity with 21 U.S.C. §§ 352(f)(1) and 353(b)(4); and

I. FDA notifies Defendants in writing that Defendants appear to be in compliance with the requirements set forth in paragraphs 6.A.-H.

7. If Defendants manufacture, process, pack, repack, label, hold, or distribute any HCT/P that meets all of the criteria in 21 C.F.R. § 1271.10, Defendants shall continuously ensure that the HCT/P and Defendants' establishment comply will all of the requirements in Part 1271.

8. If, at any time after entry of this Order, FDA determines, based on the results of an inspection, the analysis of samples, a report or data prepared or submitted by Defendants or the expert pursuant to this Order, or any other information, that Defendants have failed to comply with any provision of this Order, or have violated the FDCA or applicable regulations, or that additional corrective actions are necessary to achieve compliance with this Order, the FDCA, or applicable regulations, FDA may, as and when it deems necessary, direct Defendants in writing to take appropriate actions. Such actions may include, but are not limited to, the following:

A. Cease manufacturing, processing, packing, repacking, labeling, holding, and distributing the cultured cell product, any other drugs, and HCT/Ps (as defined in 21 C.F.R. § 1271.3(d));

B. Recall, at Defendants' sole expense, any products that are adulterated or misbranded or are otherwise in violation of this Order, the FDCA, or applicable regulations; or

C. Take any other corrective action(s) as FDA, in its discretion, deems necessary to bring Defendants and their products into compliance with this Order, the FDCA, or applicable regulations.

9. The following process and procedures shall apply when FDA issues a directive under paragraph 8, except as provided in subparagraph D below:

A. Unless a different time frame is specified by FDA in its directive, within ten (10) business days after receiving such directive, Defendants shall notify FDA in writing either that: (1) Defendants are undertaking or have undertaken corrective action, in which event Defendants also shall describe the specific action taken or proposed to be taken and the proposed schedule for completing the action; or (2) Defendants do not agree with FDA's directive. If Defendants notify FDA that they do not agree with FDA's directive, Defendants shall explain in writing the basis for their disagreement; in so doing, Defendants also may propose specific alternative actions and specific time frames for achieving FDA's objectives.

B. If Defendants notify FDA that they do not agree with FDA's directive, FDA will review Defendants' notification and thereafter, in writing, affirm, modify, or withdraw its directive, as the agency deems appropriate. If FDA affirms or modifies its directive, it shall explain the basis for its decision in writing. The written notice of affirmation or modification shall constitute final agency action.

C. If FDA affirms or modifies its directive, Defendants shall, upon receipt of FDA's directive, immediately implement the directive (as modified, if applicable), and if they so choose, bring the matter before this Court on an expedited basis. Defendants shall continue to diligently implement FDA's directive while the matter is before the Court and unless and until the Court sets aside, stays, reverses, vacates, or modifies FDA's directive. Any review of FDA's decision under this paragraph shall be made in accordance with the terms set forth in paragraph 17 of this Order.

D. The process and procedures set forth in paragraph 9.A.-C. shall not apply to any directive issued pursuant to paragraph 8 if it states that, in FDA's judgment, the matter raises significant public health concerns. In such case, Defendants shall, upon receipt of such a directive, immediately and fully comply with the terms of that directive. Should the Defendants seek to challenge any such directive, they may petition this Court for relief.

10. Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to inspect Defendants' places of business and take any other measures necessary to monitor and ensure continuing compliance with this Order. During inspections, FDA representatives shall be permitted to: have immediate access to buildings, equipment, in-process or unfinished and finished materials, containers, packaging material, labeling, and other promotional material therein; take photographs and make video recordings; take samples of Defendants' in-process or unfinished and finished materials, containers, packaging material, labeling, and other promotional material; and examine and copy all records relating to the manufacture, processing, packing, repacking, labeling, holding, and distribution of any and all cultured cell products, drugs, HCT/Ps, and their components. The inspections shall be permitted upon presentation of a copy of this Order and appropriate credentials. The inspection authority granted by this Order is separate from, and in addition to, the authority to make inspections under the FDCA, 21 U.S.C. § 374.

11. Defendants shall reimburse FDA for the costs of all FDA inspections, investigations, supervision, reviews, examinations, and analyses specified in this Order or that FDA deems necessary to evaluate Defendants' compliance with this Order. The costs of such

inspections shall be borne by Defendants at the prevailing rates in effect at the time the costs are incurred. As of the date of this Order, these rates are: $85.49 per hour and fraction thereof per representative for inspection work; $102.49 per hour or fraction thereof per representative for analytical or review work; $.55 per mile for travel expenses by automobile; government rate or the equivalent for travel by air or other means; and the published government per diem rate or the equivalent for the areas in which the inspections are performed per-day, per-representative for subsistence expenses, where necessary. In the event that the standard rates applicable to FDA supervision of court-ordered compliance are modified, these rates shall be increased or decreased without further order of the Court.

12. This Order does not apply to drugs that are both (A) the subject of an effective new drug application or biologics license application approved by FDA and (B) not manufactured, processed, packed, or labeled by Defendants.

13. Defendants shall immediately post a copy of this Order in a common area at Defendants' facility and at any other location at which Defendants conduct business and shall ensure that the Order remains posted for no less than twelve (12) months.

14. Within ten (10) calendar days after the entry of this Order, Defendants shall provide a copy of this Order, by personal service or registered mail, to each and all of their directors, officers, agents, employees, representatives, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them (collectively referred to as "Associated Persons"). Within thirty (30) calendar days of the date of entry of this Order, Defendants shall provide to FDA an affidavit of compliance, signed by a person with personal

knowledge of the facts, stating the fact and manner of compliance with the provisions of this paragraph and identifying the names, addresses, and positions of all persons who have received a copy of this Order.

15. In the event that any of the Defendants becomes associated with any additional Associated Person(s) at any time after entry of this Order, Defendants immediately shall provide a copy of this Order, by personal service or certified mail (restricted delivery, return receipt requested), to such Associated Person(s). Within thirty (30) calendar days of each time any of the Defendants becomes associated with any such additional Associated Person(s), Defendants shall provide to FDA an affidavit stating the fact and manner of their compliance with this paragraph, identifying the names, addresses, and positions of all Associated Persons who received a copy of this Order pursuant to this paragraph, and attaching a copy of the executed certified mail return receipts. Within ten (10) calendar days of receiving a request from FDA for any information or documentation that FDA deems necessary to evaluate Defendants' compliance with this paragraph, Defendants shall provide such information or documentation to FDA.

16. Defendants shall notify FDA at least fifteen (15) calendar days before any change in ownership, character, or name of their businesses, including incorporation, reorganization, bankruptcy, assignment, or sale resulting in the emergence of a successor business or corporation, the creation or dissolution of subsidiaries, or any other change in the corporate structure or identity of Regenerative Sciences, LLC or in the sale or assignment of any business assets, such as buildings, equipment, or inventory, that may affect obligations arising out of this

Order. Defendants shall provide a copy of this Order to any potential successor or assign at least fifteen (15) calendar days before any sale or assignment. Defendants shall furnish FDA with an affidavit of compliance with this paragraph no later than ten (10) calendar days prior to such assignment or change in ownership.

17. Defendants shall abide by the decisions of FDA, and FDA's decisions shall be final. All decisions conferred upon FDA in this Order shall be vested in FDA's discretion and, if contested, shall be reviewed by this Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). Review by the Court of any FDA decision rendered pursuant to this Order shall be based exclusively on the written record before FDA at the time of the decision. No discovery shall be taken by either party.

18. Should the United States of America bring, and prevail in, a contempt action to enforce the terms of this Order, Defendants shall, in addition to other remedies, reimburse the United States for its attorneys' fees (including overhead), travel expenses incurred by attorneys and witnesses, court costs, expert witness fees, and investigational and analytical expenses incurred in bringing such action.

19. All notifications, certifications, reports, correspondence, and other communications to FDA required by the terms of this Order shall be addressed to the Director, FDA Denver District Office, 6th & Kipling St, Building 20, Denver Federal Center, Denver, CO 80225-0087 and to the Director, Office of Compliance and Biologics Quality, CBER, 1401 Rockville Pike, Suite 200 N, Rockville, MD 20852-1448.

20. This Court retains jurisdiction of this action and the parties thereto for the purpose of enforcing and modifying this Order and for the purpose of granting such additional relief as may be necessary or appropriate.

IT IS SO ORDERED, this 23rd day of July, 2012.

/s/
ROSEMARY M. COLLYER
United States District Judge